[Exempt from Filing Fee Pursuant to Govt. Code §6103]

Leith B. Hansen, No. 109320
JACOBSON, HANSEN & McQUILLAN
A Professional Corporation
1690 West Shaw Avenue, Suite 201
Fresno, California 93711
Telephone: (559) 448-0400
Facsimile: (559) 448-0123

Attorney for Defendants, VISALIA UNIFIED SCHOOL DISTRICT and EMILY RODRIGUEZ

UNITED STATES DISTRICT COURT,

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| KADE BATCHELOR, a MINOR, by and through his Guardian ad Litem, WENDY BATCHELOR,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF VISALIA, JAMES CLEEK, VISALIA UNIFIED SCHOOL DISTRICT, EMILY RODRIGUEZ and DOES 1 to 90, Inclusive,<br><br>Defendant(s). | Case No.: 1:15-CV-01907--AWI--EPG<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Erica P. Grosjean<br>U.S. Magistrate Judge |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff, KADE BATCHELOR, a MINOR, by and through his Guardian ad Litem, WENDY BATCHELOR (hereinafter referred to as "Plaintiff") through his counsel of record Vonn R. Christenson of Christenson Law Firm LLP; Defendants VISALIA UNIFIED SCHOOL DISTRICT and EMILY RODRIGUEZ ("District") through their counsel of record Leith B. Hansen of Jacobson, Hansen & McQuillan; and Defendants CITY OF VISALIA and JAMES CLEEK (the "City"), through their counsel of record Leonard C. Herr of Herr, Pedersen and Berglund, LLP (hereinafter collectively referred to as "Defendants"), that the City's information and records pertaining to JAMES CLEEK, and all information, testimony, and materials relating to, regarding, and contained in such records; the

District's information and records pertaining to EMILY RODRIGUEZ, and all information, testimony, and materials relating to, regarding, and contained in such records; District and City records and information pertaining to witnesses in this matter employed by either of them, along with all documents, information, and materials concerning, relating to, reflecting, or referencing the student records or personal information of KADE BATCHELOR, or any student witness (hereinafter collectively referred to as "Confidential Information") are confidential.

1. Confidential Information subject to the terms of this Stipulated Protective Order, may be produced or disclosed by any party, through discovery or otherwise, and may be offered into evidence in Court proceedings in the civil case of *Kade Batchelor v. City of Visalia, et. al.,* United States District Court, Eastern District of California case No. 1:15-CV-01907-EPG, ("Batchelor Matter") unless otherwise objectionable.

2. Any and all Confidential Information shall be used solely in connection with the Batchelor Matter, and in the preparation for trial of that case, or any related motions. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

3. In order for any document, material, testimony or information to be treated by the parties and the Court as Confidential Information, such matters must be designated as Confidential Information as follows:

(a) In connection with documents, materials, testimony, and information produced, disclosed, or otherwise provided formally, including those matters produced, disclosed or provided pursuant to a written discovery request, subpoena, Public Records Act request, or Court Order, or informally, a party or non-party witness may designate such matters as Confidential Information by conspicuously marking each page or section that contains, reflects, or discloses such information as "Confidential" or by designating such matters as Confidential Information by identifying them, in writing, as "Confidential," including identifying such matters as confidential in the responses to written discovery, an addendum, or any other writing.

(b)     Information, including oral testimony and exhibits, disclosed during depositions may be designated as Confidential Information by the deponent or a party (i) at the time of the deposition, or (ii) within thirty (30) days after receipt of the deposition transcript by informing the other parties in writing of the specific pages of the transcript or exhibits that are to be designated Confidential Information. If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Stipulation to receive the Confidential Information.

(c)     This Stipulation shall apply to all documents, materials, testimony, and information informally and formally produced, disclosed, or otherwise provided in this action, whether written or oral, and regardless of the medium or manner in which such matters are produced, generated, stored, or maintained.

4.      Except as provided in Paragraphs 5 and 6, Confidential Information shall only be disclosed to, used, reviewed and/or discussed by "qualified persons" as defined herein. For purposes of this Agreement "qualified persons" means:

(a)     Counsel for each of the parties to this action, including secretarial, clerical or support personnel of such counsel.

(b)     The Plaintiffs and each of the Defendants to the extent necessary for preparation of their respective cases for trial.

(c)     Experts, advisors or consultants retained by counsel of record as necessary for trial preparation, and witnesses whose testimony may require disclosure of Confidential Information.

(d)     Court personnel including stenographic reporters and videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of this civil action.

(e)     The finder of fact at the time of trial and the trial judge, or the judge hearing a law and motion matter.

5.      If counsel wishes to disclose Confidential Information to a person other than one designated in Paragraph 4, counsel shall serve a written request to all parties, along with any non-party witnesses claiming the information is confidential, stating the name of the proposed person,

the reasons for disclosure, the information and documents to be disclosed, and that the proposed person has read this Stipulated Protective Order and has signed a copy of the Certification attached hereto as Exhibit "A" acknowledging his/her agreement to be bound by its terms. If all parties, and all non-party witnesses (if any) claiming the information is confidential, do not agree in writing to the disclosure within ten (10) days of being served with the request, then counsel for the party seeking to disclose Confidential Information pursuant to this paragraph may apply to this Court for relief from the provisions of this Stipulated Protective Order.

6. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court, counsel for all parties, and all non-party witnesses (if any) claiming the information is confidential . Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.

7. If any party wishes to file, lodge and/or make use of any Confidential Information in connection with any court proceeding herein, that party shall comply with United States District Court, Eastern District of California, Local Rule 141 and make the proper motion or application for an order sealing the Confidential Information. Alternatively, that party may file, lodge and/or make use of any Confidential Information in connection with any court proceeding herein by redacting the confidential portions of the Confidential Information and obtaining the other parties' approval of the sufficiency of the redactions a reasonable time prior to filing, lodging and/or making use of the Confidential Information. Confidential documents lodged for a hearing shall be returned to the party offering the same immediately following the hearing. If Confidential Information is filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope marked with the caption and case number of the case, an index of contents, and the following notation:

"Contains Confidential Information

To Be Opened Only By Or As Directed By The Court"

No sealed or Confidential Information maintained by the Court Clerk shall be disclosed except upon written order by the Court.

8.   Materials and information produced and testimony given in the litigation, but not identified as Confidential Information when initially provided, may, within a reasonable time thereafter, be designated as Confidential Information by the producing party, or by the party or parties receiving the production, or other affected person, by providing written notice to counsel of record for each party.  Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information, including copies, summaries and notes thereof, that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Stipulated Protective Order.  No distribution prior to the receipt of such written notice shall be deemed a violation of this Stipulated Protective Order.

9.   The designation of Confidential Information by any party may be modified or eliminated at any time in one of two ways, as explained below.

(a)   The parties may agree in writing to eliminate the Confidential Information designation as to any material or testimony; or

(b)   If the parties cannot agree as to the designation of any particular material or testimony after good faith discussion, the receiving party may move the Court to eliminate the Confidential Information designation.  The burden of proving that the information has not been properly designated as Confidential Information shall be on the party who seeks to eliminate the designation.

10.   This Court shall retain jurisdiction, even after this lawsuit terminates, to make such amendments, modifications and additions to this Stipulated Protective Order as it may from time to time deem appropriate upon good cause shown and to adjudicate any dispute regarding use or disclosure of any Confidential Records.

11.   This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this protective order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.  After this action terminates, any party may

seek to modify or dissolve this Stipulated Protective Order by Court Order for good cause shown or by the parties' stipulation.

12. Disclosure to each other of any documents, business records or other Confidential Information of any kind by any qualified person or party to this litigation, at any time hereafter and through conclusion of this litigation, shall not constitute public disclosure of any such information so as to negate, waive or abandon any party's claim that such documents, public records or information constitute Confidential Information.

13. This Protective Order does not constitute any ruling on the question of whether any particular record or information is otherwise properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any record or information. Likewise, neither the disclosure of materials and information under this Stipulated Protective Order nor the stipulation of the parties to this Stipulated Protective Order constitutes any stipulation or admission on the question of whether any particular record or information is otherwise properly discoverable or admissible and does not constitute any stipulation or admission on, or waiver of, any potential objection to the discoverability or admissibility of any record or information; accordingly, nothing contained herein shall limit the parties' rights, or preclude the parties from raising any objection or seeking any protection, with respect to any materials or information, confidential or otherwise, on any grounds, including, but not limited to, admissibility, materiality, prejudice, privacy and privilege.

14. After the conclusion of this litigation, the parties' counsel and all other persons to whom Confidential Information was disclosed, shall not disclose or communicate to, or discuss with, any other person any portion of such Confidential Information. Within sixty (60) days after the resolution or conclusion of this litigation, all Confidential Information under the control or possession of all qualified persons shall be returned, or destroyed, with confirmation of destruction provided to counsel for the party that produced it, in lieu of return.

15. This Stipulated Protective Order may be executed in two or more counterparts, and may be executed and transmitted by email or facsimile, which shall be deemed to be, have the same full force and effect of, and utilized in all respects as, an original executed document.

16. Any violation of this Protective Order may be punished by any and all appropriate measures including without limitation, contempt proceedings and/or monetary sanctions.

17. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with this Court's local rules regarding discovery motions.

**IT IS SO STIPULATED,**

Dated: March 7, 2016     JACOBSON, HANSEN & McQUILLAN

By: /s/ Leith B. Hansen
LEITH B. HANSEN, Attorneys for Defendants VISALIA UNIFIED SCHOOL DISTRICT and EMILY RODRIGUEZ

Dated: March 7, 2016     CHRISTENSON LAW FIRM LLP

By: /s/ Vonn R. Christenson
Vonn R. Christenson, Attorneys for Plaintiff KADE BATCHELOR by and through his Guardian ad Litem, WENDY BATCHELOR

Dated: March 7, 2016     HERR, PEDERSEN and BERGLUND

By: /s/ Leonard C. Herr
LEONARD C. HERR, Attorneys for Defendants CITY OF VISALIA and JAMES CLEEK

### ORDER

Upon a review of the above, the Court adopts the parties' stipulated protective order.

IT IS SO ORDERED.

Dated:  **March 9, 2016**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY INFORMATION**

I hereby acknowledge that I, _____ [PRINT NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Information supplied in connection with the matter of *Batchelor v. City of Visalia, et al.,* United States District Court, Eastern District of California, Case No.: 1:15-CV-01907---EPG.

I certify that I understand that the Confidential Information provided to me is subject to the terms and restrictions of the Stipulated Protective Order filed in this action. I have been given a copy of the Stipulated Protective Order, I have read it, and I agree to be bound by its terms.

I understand that Confidential Information, as defined in the Stipulated Protective Order, including any notes or other records that I or others may make regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of these actions, any Confidential Information obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in this proceeding.

I further understand that I am to retain all copies of all Confidential Information provided to me in this action in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this action, whereupon the copies of such materials will be returned to counsel who provided me with such materials. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _____ day of _____, 2016, at _____.

BY: _____      _____
        Signature                                                    Address (Street No., Street, City, State, Zip)

_____              _____
        Title                                                            Telephone Number