**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

K.B., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, WENDY BATCHELOR,

Plaintiffs,

v.

CITY OF VISALIA, ET AL.,,

Defendants.

CASE NO. 1:15-CV-01907-AWI-EPG

**ORDER AFTER RE: PETITION FOR APPROVAL OF COMPROMISE OF MINOR'S CLAIM**

(ECF No. 19)

On September 23, 2016, the Court heard oral argument on the parties' petition for approval of compromise of minor's claim. (ECF No. 19.) Vonn Robert Christenson (Christensen Law Firm) appeared on behalf of plaintiff K. B., a minor. Wendy Batchelor, K.B.'s mother and guardian ad litem, also attended. Leonard Charles Herr (Herr Pedersen & Berglund, LLP) appeared for defendants James Cleek and City of Visalia. Leith Bryant Hansen (Jacobson, Hansen & Mcquillan) appeared for defendants Emily Rodriguez and Visalia Unified School District. For the reasons described on the record and in this Order, the Court GRANTS the parties' petition for approval of compromise of minor's claim and the settlement is APPROVED.

///

///

## I. BACKGROUND

### A. Facts

This case arises from an incident that occurred on September 22, 2014, when defendant Officer Cleek detained K.B., a seventh-grade student at Valley Oak Middle School. The exact version of events is disputed by the parties. However, there is agreement that Officer Cleek detained K.B. on September 22 when K.B. was eloping from school. It is alleged that the defendants knew or should have known that K.B. was a special needs child with behavioral issues, including ADHD and anxiety, and that defendants disregarded the behavioral issues when the detention of K.B. occurred, resulting in unnecessary injury to the minor. Specifically, it is alleged that K.B. suffered bruises and marks on his wrists and back after Officer Cleek restrained K.B. by handcuffing, sitting upon and roughly handling K.B. during the arrest. Although K.B. did not require medical attention for his physical injuries, it is alleged that K.B. sought additional therapy sessions and calming medications related to the September 22 incident.

Defendants maintain that the level of force used by Officer Cleek during the detention of K.B. was reasonable and appropriate under the circumstances. Defendants reasoned that K.B. had a prior history of inappropriate behavior, and that K.B. resisted and was aggressive toward Officer Cleek during the incident, requiring additional restraint.

K.B. never attended Valley Oak Middle School after the September 22 incident. Instead, K.B. attended Sycamore Middle School before starting VTEC high school in Visalia in the fall of 2016. The guardian ad litem and K.B.'s mother, Wendy Batchelor, stated during the September 23, 2016 hearing that K.B. is doing well as a result of this change and that it was one positive outcome of the litigation in addition to the monetary settlement reached in this case.

### B. Procedural History

This case was initially filed on September 17, 2015 in the Superior Court of California, County of Tulare. (ECF No. 1.) It was removed to this Court on December 22, 2015 pursuant to 28 U.S.C. § 1441. (*Id*. at 2 ¶ 3) The basis for subject matter jurisdiction is federal question under 28 U.S.C. § 1331 as the complaint contains a claim under the Americans with Disabilities Act, 42

U.S.C. §§ 12101 *et seq*. (*Id*.). Some discovery occurred prior to a notice of settlement filed on July 18, 2016. (ECF No. 17.)

**C. Settlement**

The petition details the settlement reached by the parties, which will resolve all claims against all defendants in this case. Under the terms of the settlement, defendant City of Visalia/James Cleek will pay $10,000 with $3,500 in attorney fees payable to K.B.'s attorney. Defendant VUSD/Emily Rodriguez will pay $10,000 with $3,500 in attorney fees payable to K.B.'s attorney. Additionally, costs will be paid to the Christenson Law Firm in the amount of $1,314.85. The guardian ad litem, Ms. Batchelor, will receive the remaining balance, which will be placed in a blocked account in a FDIC insured financial institution located in Tulare County, California. The parties represent that no medical liens will affect the disbursement of settlement money.

The Christensen Law Firm has submitted a detailed invoice as an exhibit to the petition detailing the costs and attorney fees, showing costs in the amount of $1,314.85 and an outstanding balance for attorney fees of $18,639.85. The itemized invoice for attorney fees indicates a billable rate of $250 per hour.

**II. DISCUSSION**

District courts have a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). This special duty is derived from Federal Rule of Civil Procedure 17(c), which provides that "a district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id*. (quoting FED. R. CIV. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)).

As part of the relevant inquiry, the district court is required to evaluate "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1182. "So long

as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id*. The duty to safeguard the interests of minors in settlement has been codified in this Court's Local Rule 202, which provides, in pertinent part:

> (b) **Settlement.** No claim by . . . a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> . . .
>
> (2) . . . The application [for minor's compromise] shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.
>
> . . .
>
> (c) **Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed . . . and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) **Payment of Judgment.** Whenever money . . . is recovered on behalf of a minor . . . the money . . . will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . .

The petition, reviewed in conjunction with the record in this case and the record created at the September 23, 2016 hearing, provides the minimum information required by the Local Rule. K.B. was age 12 and in Seventh grade at the time of the September 22, 2014 incident. (ECF No. 19 at 2 ¶¶ 3-5.) It appears that K.B. suffered physical injuries resulting from the incident, but the injuries were not so serious that significant medical attention was required or will be required in the future. (*Id*. ¶ 5.) The petition states that some special damages accrued as a result of the incident in the form of a need for additional therapy and calming medications. (*Id*.) The petition and the guardian ad litem's statements indicate that K.B. is doing well after his transfer to a new school following the incident. (*Id*. at 3 ¶ 6.)

This does not appear to be a case where an officer acted in a malicious manner toward a minor. At the September 23, 2016 hearing, K.B.'s counsel agreed that defendants did not have malicious intent but stated that the level of force used to apprehend K.B. was inappropriate. The defendants maintain that the level of force used to detain K.B. was reasonable and appropriate under the circumstances.

The disclosures in the petition suggest that the interests of the K.B. are adequately protected in this case. K.B. is represented in this case by Vonn Robert Christenson of the Christensen Law Firm. An exhibit to the petition details services and costs the firm has incurred as a result of the litigation. (ECF Nos. 19-2, 19-3.) The Court has reviewed these exhibits and finds that the costs incurred, services provided, hourly rate, and time entries are fair and reasonable under the circumstances. It is apparent that the litigation, which began in September 2015, has involved at least some discovery and at least one deposition. Given the duration of this case, as well as the amount of work done by K.B.'s counsel and the contingency fee agreement, the amount of attorneys' fees and costs sought is reasonable and does not suggest that the settlement was unfair or created a conflict of interest for K.B.'s counsel. As an additional indication of reasonableness, it should be noted that $18,639.85 in attorney fees were incurred, but the settlement permits $7,000 in recovery of attorney fees.

*Robidoux* suggests that courts consider the "recovery in similar cases" when deciding whether the amount of a minor's settlement is fair and reasonable. *See Robidoux*, 638 F.3d at 1182. Counsel for K.B. has provided a citation to a case where a more sizable settlement was reached (reportedly $200,000) under a somewhat similar factual scenario. *See C.B. v. Sonora Sch. Dist*., 691 F. Supp. 2d 1170 (E.D. Cal. 2010) (denying a motion to dismiss in case where it was alleged that a disabled minor's constitutional rights were violated after being placed in handcuffs and removed from school). Counsel for K.B. stated on the record that the instant case is not exactly similar to the *Sonora Sch. Dist.* case for various reasons. This Court has also conducted its own research into the matter. In *Swayzer v. City of San Jose*, the district court approved a settlement for the alleged wrongful death of a minor related to his arrest by officers of the San Jose police department. *See* No. C10-03119 HRL, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5,

2011). The district court in *Swayzer* approved a settlement of $2,054.17 to the minor after deduction of attorney fees. Thus, the net recovery to K.B. in this case appears fair and reasonable in light of the claims and average recovery in similar cases. *See Robidoux*, 638 F.3d at 1182.

The method of disbursement of the settlement also appears to be fair, reasonable, and within the bounds of applicable law. Under Local Rule 202(e), payment of a minor's settlement must be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor." The terms of the settlement, here, require that the balance of the settlement be disbursed to K.B.'s guardian ad litem, who is K.B.'s mother, and that the funds be placed in a blocked account in a FDIC insured financial institution located in Tulare County, California. Based on the petition, as well as the declaration and other exhibits attached thereto, this disbursement appears to be in the best interests of K.B.

The Court finds that the Petition, along with the record, includes the information required by Local Rule 202(b)(2), (c), the standards laid out in *Robidoux*, and addresses the required details of the proposed compromise. The Court thus finds that the proposed settlement for K.B. is fair, reasonable, and proper.

## III. ORDER

The Court ORDERS as follows:

1. The petition (ECF No. 19) is GRANTED and the settlement is APPROVED.
2. The minor Plaintiff's counsel's costs and attorney fees are fair and reasonable and should be awarded in amounts requested.
3. The distribution shall be as follows:
    a. $11,685.15 to Wendy Batchelor, K.B.'s mother and guardian ad litem, in a blocked account in an FIDC insured financial institution in Tulare, County, California, from which no withdrawal can be made without a court order. Proof of deposit shall be filed with the Court within 21 days of receipt of settlement funds from defendants.

b. $7,000 to the Christensen Law Firm, LLP for recovery of attorney fees related to litigation.

c. $1,314.85 to the Christensen Law Firm, LLP for recovery of costs of litigation.

4. All pending deadlines and hearings are hereby VACATED.

5. Within 60 days from this order, the parties shall file dispositional documents to close the case.

IT IS SO ORDERED.

Dated: **September 27, 2016**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE